COUNTY COMMISSIONERS — COUNTY OFFICE SPACE — LENGTH OF LEASE — LIMITATION ON LEASE CREATING INDEBTEDNESS The Board of County Commissioners may rent or lease to nongovernment businesses any excess office space in county-owned buildings. Additionally, the Board of County Commissioners may rent or lease to non-government businesses excess office space in a building which has been deeded to the county. The length of time for the lease may be for any time period deemed advisable by the Board of County Commissioners, provided, that should any contractual indebtedness provide for the incurrence of expenses on the part of the county, the lease would be limited to the time period of the fiscal year. The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Can the Board of County Commissioners rent or lease to nongovernment businesses any excess office space in a building which has been deeded to the county and if so, what is the length of time for which it may be so leased? Title 19 O.S. 1 [19-1] (1971) sets forth the general powers of organized counties within the State of Oklahoma "Each organized county within the State shall be a body-corporate and politic and as such shall be empowered for the following purposes: "1. To sue and be sued. "2. To purchase and hold real and personal estate for the use of the county, and lands sold for taxes as provided by law. "3. To sell and convey any real or personal estate owned by the county, and make such order respecting the same as may be deemed conducive to the interest of the inhabitants. "4. To make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of corporate or administrative power. "5. To exercise such other and further powers as may be especially provided for by law." Furthermore, 19 O.S. 338 [19-338] (1971) sets forth provisions for the leasing of county buildings or lands to the United States, the State of Oklahoma, or an incorporated city or town for airports or public use. Title 19 O.S. 339 [19-339] (1971) empowers the Board of County Commissioners to "make all orders respecting the property of the county, . . ." Numerous opinions have been written concerning this statute, 19 O.S. 339 [19-339], and the authority of the Board of County Commissioners to lease county property. In an Attorney General Opinion dated June 14, 1927, addressed to The Honorable O. S. Shaw, County Attorney, the Attorney General reached the following conclusion: "It is the opinion of the Attorney General that Section 5793 of the Compiled Oklahoma Statutes of 1921, giving to the Board of County Commissioners the right to make all orders respecting the property of the county, authorizes the Board of County Commissioners to lease to private individuals any unoccupied rooms in the county court house which are not needed for county purposes, or which are not suitable for county purposes. Said leases should be subject however to the right of the county to take over said rooms whenever the same should be needed by the county for county purposes, or whenever the occupancy of said rooms, by a private individual would become incompatible with the business and interests of the county." (Note: 19 O.S. 339 [19-339] (1971) was formerly Section 5793 of the Compiled Oklahoma Statutes of 1921). In addition, an opinion dated January 7, 1936, addressed to The Honorable Roy Holbird, County Attorney, the Attorney General arrived at the same conclusion as the prior opinion: "* * *the Attorney General is of the opinion that it is not unlawful for the Board of County Commissioners to permit private individuals to use, rent free, portions of the court house not needed for governmental purposes. Whether or not a charge should be made for such use is a matter which rests in the sound discretion of the Board of County Commissioners and the question as to whether or not the rental of a portion of the court house is conducive to the interests of the inhabitants of the county is also a question which rests in the discretion of the Board of County Commissioners. The Attorney General concurs with you in your view that the Board of County Commissioners have complete authority to refuse the use of the court house, as outlined in your letter, if in their discretion they deem it proper." A 1955 Attorney General Opinion dated March 24th of that year, addressed to The Honorable James P. Whyte, County Attorney, held that the "Board of County Commissioners may lease Court house space to individuals in private business or profession, if such space is not needed for county purposes, or its not suitable for county purposes." It appears from the foregoing authorities that such matters as raised in your opinion request rest in the discretion of the Board of County Commissioners as authorized by the authority vested in the Board by statute. Therefore, the Board of County Commissioners may rent or lease to non-government businesses any excess office space in county-owned buildings. Concerning the length of time for which a building may be leased by the county, an examination of Article X, Section 26 and Section27, Oklahoma Constitution, must be made: "Article X, Section 26. Indebtedness of political subdivisions — Assent of voters — Limitation of amount — Annual tax. — Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the valuation of the taxable property therein to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness. . . ." (Emphasis added) "Article X, Section 27. Indebtedness for purchase, construction or repair of public utilities. — Any incorporated city or town in this State may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city; Provided, that any such city or town incurring any such indebtedness requiring the assent of the voters as aforesaid, shall have the power to provide for, and, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same." Special note must be made as to the possibility of creating an indebtedness on the part of the county beyond the finances of the current fiscal year. In the Supreme Court case of City of McAlester, et al. v. State ex rel. Board of Public Affairs, 154 P.2d 579, the Oklahoma Supreme Court held that a contract entered into between the State Board of Public Affairs and the City of McAlester whereby the City contracted to furnish water at the City's expense to a state institution constituted a charge against the municipality's funds beyond the current fiscal year and as such violated Article X, Section 27 of the Oklahoma Constitution. Therefore, absent any contractual provision which could create an indebtedness beyond the county's resources of the fiscal year, no specific time period for such a lease is required. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Board of County Commissioners may rent or lease to non-government businesses any excess office space in county-owned buildings. Additionally, the Board of County Commissioners may rent or lease to non-government businesses excess office space in a building which has been deeded to the county. The length of time for the lease may be for any time period deemed advisable by the Board of County Commissioners, provided, that should any contractual indebtedness provide for the incurrence of expenses on the part of the county, the lease would be limited to the time period of the fiscal year. (JO ANGELA ABLES) (ksg)